# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**
**CRIMINAL DIVISION**
VENUE: SAN FRANCISCO

FILED
07 MAY 24 PM 1:43
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

UNITED STATES OF AMERICA,

v.

GRAHAM PAUL VANE

E-filing

## CR 07 0324 MMC

DEFENDANT.

---

# INDICTMENT

---

A true bill.

_____ Foreman

Filed in open court this _____ day of _____

_____ Clerk

Bail, $ Summons w/ return date of May 31, 2007

C07-324 MMC

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☑ INDICTMENT  ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

─── OFFENSE CHARGED ───

Count 1: 29 USC section 501(c) - embezzlement
Counts 2-5: 18 USC section 1001 - false statements

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
Ct. 1: 5 yrs prison; $10,000 fine; 3 yrs sup. release; $100 mandatory assessment; Cts 2-5: 5 yrs prison; $250,000 fine; 3 yrs sup. release; $100 mandatory assessment

─── DEFENDANT - U.S. ───
▶ Graham Paul Vane

DISTRICT COURT NUMBER
CR 07 0324 MMC

FILED
MAY 24 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

─── PROCEEDING ───
Name of Complaintant Agency, or Person (&Title, if any)
U.S. Dept. of Labor, Office of Labor-Management Standards

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y  ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM
SCOTT N. SCHOOLS
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)
Jeffrey R. Finigan

─── DEFENDANT ───

IS NOT IN CUSTODY
  Has not been arrested, pending outcome this proceeding.
1) ☑ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l  ☐ State

If answer to (6) is "Yes", show name of Institution _____

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☑ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☑ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
140 Paradise Drive
Pacifica, CA 94044

Date/Time: May 31, 2007 @ 9:30 a.m.

Before Judge: Hon. Elizabeth D. LaPorte, U.S. Magistrate Judge

Comments:

SCOTT N. SCHOOLS (SC 9990)
United States Attorney

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 07 0324 |
| Plaintiff, | VIOLATIONS: 29 U.S.C. § 501(c) – Embezzlement; 18 U.S.C. § 1001 – False Statements to Government Agency |
| v. | |
| GRAHAM PAUL VANE, | SAN FRANCISCO VENUE |
| Defendant. | |

INDICTMENT

The Grand Jury charges:

INTRODUCTION

At all times relevant to this indictment:

1.      The National Association of Letter Carriers, AFL-CIO, Branch 1280 (NALC Branch 1280) was a labor organization engaged in an industry affecting commerce within the meaning of Title 29, United States Code, Sections 402(i) and 402(j).  NALC Branch 1280 comprised approximately 500 members, all of whom were employed by the United States Postal Service in postal facilities located primarily in San Mateo County.

INDICTMENT                                  1

2.    NALC Branch 1280 was required to file an annual Form LM-3 Labor Organization Annual Report ("Form LM-3") with the United States Department of Labor pursuant to Title 29, United States Code, Section 431. The Form LM-3 included information related to all of NALC Branch 1280's monetary disbursements for each calendar year.

3.    NALC Branch 1280 was required to maintain records on the matters reported in the Form LM-3 from which the basic information and data in the Form LM-3 could be verified, explained, or clarified, and checked for accuracy and completeness pursuant to Title 29, United States Code, Section 436.

4.    NALC Branch 1280's office was located at 306 7th Ave., San Mateo, California.

5.    NALC Branch 1280 held one checking account at Wells Fargo Bank (the "checking account") and any checks written on the checking account required two signatures. The individuals authorized to sign checks on behalf of NALC Branch 1280 were the President, Executive Vice-president, and Financial Secretary-Treasurer. All disbursements to cover expenses related to NALC Branch 1280 business were made via check drawn on the checking account. The funds in the checking account were to be used solely for the benefit of NALC Branch 1280.

6.    Defendant GRAHAM PAUL VANE ("VANE") was a resident of the city of Pacifica and was the President of NALC Branch 1280. VANE's responsibilities as President of NALC Branch 1280 included preparing the Itemized Categories Report, which was an itemized record of all income and disbursements for NALC Branch 1280 for each calendar year. VANE was also responsible for signing off on and attesting to the accuracy of NALC Branch 1280's annual Form LM-3.

### DEFENDANT'S CONTINUING EMBEZZLEMENT

7.    As President of NALC Branch 1280, VANE was issued an American Express credit card by NALC Branch 1280 for use on NALC Branch 1280 business. VANE used this American Express credit card from January 2002 through March 2006. In addition, VANE possessed and used at least the ten (10) following additional, personal credit cards during this same time period: three American Express cards; a Wells Fargo Bank card; an HSBC bank card;

INDICTMENT    2

1  two Providian Bank cards; two Chase Bank cards; and a Capital One card.

2      8.    From January 2002 and continuing on an approximately regular monthly basis
3  through March 2006, VANE made hundreds of personal charges on the credit cards listed in
4  paragraph 7. The personal charges were not related to NALC Branch 1280 business. For
5  example, VANE's personal charges included restaurants, groceries, gas, jewelry, liquor, wine,
6  spa treatments, pay-per-view movies, Dish network service, and airfare and other miscellaneous
7  travel expenses for VANE's family members.

8      9.    From January 2002 and continuing on an approximately regular monthly basis
9  through March 2006, VANE wrote checks against NALC Branch 1280's checking account to pay
10 for more than $170,000 of VANE's personal expenses that were charged on the credit cards as
11 described in paragraph 8 and that were incurred via direct bills, for example, VANE's wife's cell
12 phone bills. VANE obtained a second signature on the aforementioned checks from the
13 Financial Secretary-Treasurer without informing that person that VANE was using NALC
14 Branch 1280 funds to pay for personal expenses. The payments for VANE's personal expenses
15 described herein were not authorized by NALC Branch 1280.

16     10.    From January 2002 and continuing on an approximately regular monthly basis
17 through December 2005, and as part of VANE's continuing scheme to embezzle money from
18 NALC Branch 1280 to pay for personal expenses as set forth herein, VANE made false entries in
19 NALC Branch 1280's financial records and in NALC Branch 1280's annual Form LM-3 reports
20 to the Department of Labor in order to conceal his scheme to embezzle from NALC Branch
21 1280. For example, in August 2002, VANE took a personal trip to Las Vegas, Nevada, with
22 members of his family. VANE used his NALC Branch 1280 American Express Card to charge
23 $406.85 at the Imperial Palace Hotel for spa services, movie rentals, and other personal expenses.
24 VANE subsequently paid for those charges with check #5292 from NALC Branch 1280's
25 checking account and then categorized check #5292 in NALC Branch 1280's 2003 Itemized
26 Categories Report as having been for "convention expenses."

27 COUNT ONE:  (29 U.S.C. § 501(c) – Embezzlement)

28     11.    The allegations contained in paragraphs 1 through 10 of this Indictment are

INDICTMENT                              3

realleged and by this reference fully incorporated herein.

12.   Between in or around January 2002 and March 2006, in the Northern District of California and elsewhere, the defendant,

GRAHAM PAUL VANE,

while an officer of NALC Branch 1280, a labor organization engaged in an industry affecting commerce, and while employed directly and indirectly by said labor organization, did embezzle, steal, and unlawfully and willfully convert to his own use and the use of another, the moneys, funds, securities, property, and other assets of NALC Branch 1280, in violation of Title 29, United States Code, Section 501(c).

COUNT TWO:  (18 U.S.C. § 1001 – False Statements to Government Agency)

13.   The allegations contained in paragraphs 1 through 10 of this Indictment are realleged and by this reference fully incorporated herein.

14.   On or about March 27, 2003, in the Northern District of California, the defendant,

GRAHAM PAUL VANE,

in a matter within the jurisdiction of the United States Department of Labor, did knowingly and willfully make material false statements on the NALC Branch 1280's Form LM-3 Labor Organization Annual Report by falsely indicating the following:

(1) that he did not discover any loss or shortage of funds or other property for NALC Branch 1280 for 2002, when in fact he knew NALC Branch 1280 experienced a loss of funds by virtue of his embezzlement of funds from NALC Branch 1280 during 2002;

(2) that NALC Branch 1280 only disbursed $4,631 to him in 2002, when in fact he knew NALC Branch 1280 disbursed more than $4,631 to him in 2002;

(3) that NALC Branch 1280 disbursed $85,380 towards "office and administrative expenses" in 2002, when in fact he knew that the reported disbursement of $85,380 towards office and administrative expenses included disbursements for his own personal expenses that were not office or administrative expenses for NALC Branch 1280 in 2002; and

(4) that NALC Branch 1280 disbursed $64,464 towards "other disbursements" related to NALC Branch 1280 in 2002, when in fact he knew that the reported disbursement of $64,464 towards other disbursements included disbursements for his own personal expenses that were not NALC Branch 1280-related in 2002;

all in violation of Title 18, United States Code, Section 1001.

INDICTMENT                                           4

COUNT THREE: (18 U.S.C. § 1001 – False Statements to Government Agency)

15. The allegations contained in paragraphs 1 through 10 of this Indictment are realleged and by this reference fully incorporated herein.

16. On or about March 30, 2004, in the Northern District of California, the defendant,

GRAHAM PAUL VANE,

in a matter within the jurisdiction of the United States Department of Labor, did knowingly and willfully make material false statements on the NALC Branch 1280's Form LM-3 Labor Organization Annual Report by falsely indicating the following:

(1) that he did not discover any loss or shortage of funds or other property for NALC Branch 1280 for 2003, when in fact he knew NALC Branch 1280 experienced a loss of funds by virtue of his embezzlement of funds from NALC Branch 1280 during 2003;

(2) that NALC Branch 1280 only disbursed $2,896 to him in 2003, when in fact he knew NALC Branch 1280 disbursed more than $2,896 to him in 2003;

(3) that NALC Branch 1280 disbursed $74,235 towards "office and administrative expenses" in 2003, when in fact he knew that the reported disbursement of $74,235 towards office and administrative expenses included disbursements for his own personal expenses that were not office or administrative expenses for NALC Branch 1280 in 2003; and

(4) that NALC Branch 1280 disbursed $56,527 towards "other disbursements" related to NALC Branch 1280 in 2003, when in fact he knew that the reported disbursement of $56,527 towards other disbursements included disbursements for his own personal expenses that were not NALC Branch 1280-related in 2003;

all in violation of Title 18, United States Code, Section 1001.

COUNT FOUR: (18 U.S.C. § 1001 – False Statements to Government Agency)

17. The allegations contained in paragraphs 1 through 10 of this Indictment are realleged and by this reference fully incorporated herein.

18. On or about March 31, 2005, in the Northern District of California, the defendant,

GRAHAM PAUL VANE,

in a matter within the jurisdiction of the United States Department of Labor, did knowingly and willfully make material false statements on the NALC Branch 1280's Form LM-3 Labor Organization Annual Report by falsely indicating the following:

(1) that he did not discover any loss or shortage of funds or other property for NALC Branch 1280 for 2004, when in fact he knew NALC Branch 1280 experienced a loss of

1     funds by virtue of his embezzlement of funds from NALC Branch 1280 during 2004;

2,3     (2) that NALC Branch 1280 only disbursed $3,338 to him in 2004, when in fact he knew NALC Branch 1280 disbursed more than $3,338 to him in 2004;

4,5     (3) that NALC Branch 1280 disbursed $52,356 towards "office and administrative expenses" in 2004, when in fact he knew that the reported disbursement of $52,356 towards office and administrative expenses included disbursements for his own personal expenses that were not office or administrative expenses for NALC Branch 1280 in 2004; and

6,7,8     (4) that NALC Branch 1280 disbursed $88,650 towards "other disbursements" related to NALC Branch 1280 in 2004, when in fact he knew that the reported disbursement of $88,650 towards other disbursements included disbursements for his own personal expenses that were not NALC Branch 1280-related in 2004;

9     all in violation of Title 18, United States Code, Section 1001.

10     COUNT FIVE: (18 U.S.C. § 1001 – False Statements to Government Agency)

11     19.    The allegations contained in paragraphs 1 through 10 of this Indictment are

12     realleged and by this reference fully incorporated herein.

13     20.    On or about March 29, 2006, in the Northern District of California, the defendant,

14                          GRAHAM PAUL VANE,

15     in a matter within the jurisdiction of the United States Department of Labor, did knowingly and

16     willfully make material false statements on the NALC Branch 1280's Form LM-3 Labor

17     Organization Annual Report by falsely indicating the following:

18,19     (1) that he did not discover any loss or shortage of funds or other property for NALC Branch 1280 for 2005, when in fact he knew NALC Branch 1280 experienced a loss of funds by virtue of his embezzlement of funds from NALC Branch 1280 during 2005;

20,21     (2) that NALC Branch 1280 only disbursed $1,567 to him in 2005, when in fact he knew NALC Branch 1280 disbursed more than $1,567 to him in 2005;

22,23,24     (3) that NALC Branch 1280 disbursed $60,118 towards "office and administrative expenses" in 2005, when in fact he knew that the reported disbursement of $60,118 towards office and administrative expenses included disbursements for his own personal expenses that were not office or administrative expenses for NALC Branch 1280 in 2005; and

25     ///

26     ///

27     ///

28

INDICTMENT                                6

(4) that NALC Branch 1280 disbursed $47,120 towards "other disbursements" related to NALC Branch 1280 in 2005, when in fact he knew that the reported disbursement of $47,120 towards other disbursements included disbursements for his own personal expenses that were not NALC Branch 1280-related in 2005;

all in violation of Title 18, United States Code, Section 1001.

DATED: May 24, 2007

A TRUE BILL.

FOREPERSON

SCOTT N. SCHOOLS
United States Attorney

MARK L. KROTOSKI
Chief, Criminal Division

(Approved as to form: _____ )
AUSA FINIGAN

INDICTMENT                                        7