CHRISTOPHER J. CANNON, State Bar No. 88034
Sugarman & Cannon
44 Montgomery Street, Suite 2080
San Francisco, CA 94104-6702
Telephone: 415/362-6252
Facsimile: 415/677-9445

Attorney for Defendant Graham Vane

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. CR 07-0324 MMC |
| | ) | |
| Plaintiff, | ) | SENTENCING |
| | ) | MEMORANDUM |
| v. | ) | |
| | ) | |
| GRAHAM PAUL VANE | ) | |
| Defendant. | ) | |
| | ) | |

## I.  INTRODUCTION

Graham Vane is a 60 year old man who needs treatment, rather than incarceration. He has lost his job of 30 years; he has lost the respect of his fellow Union members; and he now faces retirement with a substantial restitution obligation hanging over his head. He has forthrightly admitted his crimes and has come to an agreement as to the amount of

SENTENCING MEMORANDUM

restitution with the Union.[1]  A significant departure to a probationary sentence is the appropriate disposition in this case.

## II.    GENERAL OBJECTIONS.

Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) and United States v. Fanfan, 543 U.S. 220 (2005), the Ninth Circuit issued its decision in United States v. Ameline, 409 F.3d 1073,1087 (9th Cir. 2005)(en banc).  Ameline reaffirmed the Ninth Circuit's long standing policy articulated in United States v. Kemp, 938 F.2d 1020, 1025 (9th Cir. 1991) and United States v. Howard, 894 F.2d 1085, 1089 (9th Cir. 1990), that the government "bear[s] the burden of proof for any fact that the sentencing court would find necessary to determine the base offense level."  See also United States v. Burns, 276 F.3d 439, 443 (8th Cir. 2002) (holding that the government has the burden of proof of the amount of loss in fraud cases).  Under the Guidelines, the government's burden is to prove allegations in support of an upward adjustment beyond a reasonable doubt.  United States v. Ameline, 409 F.3d at 1102.  "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by

---

[1]  In its letters to probation, the government seems to confuse a legal argument made on Mr. Vane's behalf by his counsel regarding the burden of proof of loss, with a non-existent denial of responsibility by Mr. Vane.  Graham Vane has always admitted that he committed a crime.  He entered a guilty plea to all of the charges against him, and at the time of that plea, counsel told both the Court and the government that it was the defense position the government had not proved the amount of loss alleged by the government.  Although, Mr. Vane forthrightly admitted costing the union more than $100,000.00, the defense does not understand why the government has such a hard time accepting the amount the union agreed to settle the claim for, $98,000.00, as the loss amount.

SENTENCING MEMORANDUM

the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. 220. Accordingly, in fraud cases, unless admitted by a defendant, the government is required to prove the amount of intended loss beyond a reasonable doubt. In this case, at the time of his plea, Vane admitted that the loss was at least $100,000.00.

While the Supreme Court has not clearly set out the applicable standard of proof for discretionary sentencing factors, the Ameline panel opinion clearly held that: "Although the district court is not bound by the Sentencing Guidelines range, basic procedural fairness, including the need for reliable information, remains critically important in the post-Booker sentencing regime." United States v. Ameline, 400 F.3d 646, 650 (9th Cir. 2005). Vane has a constitutional right to be sentenced on the basis of correct information. In United States v. Huckins, 53 F.3d 276, 279 (9th Cir. 1995), the Ninth Circuit restated the long accepted principal that: "a defendant clearly has a due process right not to be sentenced on the basis of materially incorrect information." See also United States v. Petty, 982 F.2d 1365, 1369 (9th Cir. 1993); and United States v. Cammisano, 917 F.2d. 1057, 1062 (9th Cir. 1990). Hearsay reports are insufficiently reliable information upon which to base a sentence absent specific corroboration. See United States v. Townley, 929 F. 2d 365 (8th Cir. 1991); United States v. Petty, 982 F.2d 1365, 1367-68 (9th Cir.1993); United States v. Huckins, 53 F.3d 276 (9th Cir.1995); United States v. Palmer, 248 F.3d 569, 571 (7th Cir.2001); United States v. Robinson, 164 F.3d 1068, 1071 (7th Cir.1999).

SENTENCING MEMORANDUM

### III. SPECIFIC OBJECTIONS.

The PSR indicates that the loss in this case is $178,910.82. Probation adopted that number from the investigatory reports in this case. While Vane has forthrightly admitted he is guilty and has agreed that he cased a substantial loss, the same inability to keep track of details and records which contributed to his criminal conduct has prevented the defense from arriving at a hard loss figure. In any event, the defense does not have the burden to prove the loss amount, as indicated above, that burden is squarely on the government's shoulders and in this case, the government has not met its burden to prove a loss of more than approximately $100,000.00 (the amount admitted by Vane's plea).

From the beginning, the government, which bears the burden of proof of sentencing factors, has maintained that almost all of the charges on the cards were unauthorized. If this was the case, there would be no reason to have a Union credit card or a reimbursement policy in the first place. The documents provided by the government are insufficient to demonstrate the $178,000.00 loss claimed by the government. Counsel's main specific objection is to meals during the work week, materials for the benefit of the Union purchased at Costco and interest. Mr. Vane was a liaison between the workers and management and would often conduct Union business at lunch. Accordingly, the government has not met its burden to show that all of the weekly lunches and Costco expenses are unauthorized. The Union has agreed to settle this matter for $98,000.00. Accordingly, since the Union is in the best position to decide the amount of the loss, it is the position of the defense that figure is the best estimate of the loss in this case.

SENTENCING MEMORANDUM

We will detail our objections by card and paragraph.

**Paragraph 14 -AMEX 92001**

The PSR indicates a loss amount of $4,099.33. The government has not established a loss of more than $2,537.91. The rest of the charges appear to be weekday lunches; a Beverages and More charge for a branch Christmas party; and authorized gas expenditures. It bears noting that the disputed charges are no more than 5% of the total expenditures on this card and are as indicative of bad bookkeeping as they are of a conscious attempt to take Union funds in each individual transaction.[2]

**Paragraph 15 -AMEX 220006 (linked with Optima 92004)**

The PSR indicates a loss of $135,318.22 on this card. The government has not shown this great of a loss. First, the Union payments on this card only amount to $123,811.22. Second, Vane personally paid $19,714.88 of the amounts charged in this card. Third, in addition to the charges that clearly were for Vane's benefit, there were again business lunches and other Union expenses on the card. The government has arbitrarily declined to give Vane credit for any of these ordinary and reasonable expenses and has proven a loss of no more than $62,748.00 on this card.

**Paragraph 16 -AMEX 92004**

Mr. Vane used this card as the source for payments on his other cards, and then paid off the balance with Union and personal funds. Accordingly, calculating a loss on this card amounts to double counting because this card was used to pay off other cards.

---

[2] We do not contest Graham Vane's overall intent to take Union funds, and he has repeatedly expressed his remorse for that crime.

SENTENCING MEMORANDUM

**Paragraph 17 -AMEX 91001**

Again this is an Optima card to which expenditures made on AMEX 91001 were rolled over.  Accordingly, counting payments to this card is double counting.

**Paragraph 18 -Wells Fargo 169666**

We concede that $7,464.35 were unauthorized expenses for which Vane is responsible.  The government has not met its burden of proof as to the remainder of the expenses.

**Paragraph 19 -HSBC card 204014**

We would agree that the government has shown a loss of $6,800.00 on this card.

**Paragraphs 20 and 21 -Providian Cards 4626 and 6584**

This was a revolving account from which only partial records are available.  Those records indicate a loss of approximately $4,159.00.

**Paragraph 22 -Chase 2355**

We agree there were unauthorized expenses on this card, but the records are insufficient to document the amount.  Moreover, there were also authorized, but un-reimbursed expenses.

**Paragraph 23 -Chase 4147**

The government has not shown that all of the restaurant purchases were inappropriate.

SENTENCING MEMORANDUM

**Paragraph 24 -Capital One 7127**

Some Union purchases were also made on this card reducing the loss amount to approximately $2,500.00.

Moreover, in coming up with its loss calculations, the government seems to include interest paid on the inappropriate charges.  Under the guidelines interest, as a collateral cost, is not appropriately included in the loss calculation.   "Application note 2(D) to § 2B1.1. (since renumbered 3(D)(i)) states that "[l]oss shall not include ... [i]nterest of any kind, finance charges, late fees, penalties, amounts based on an agreed-upon return or rate of return, or other similar costs." United States v. Morgan, 376 F.3d 1002 (9th Cir. 2004). Because the accounts were revolving, there were often interest charges and late fees.  The government has not subtracted those collateral charges from its calculations.  Moreover, the Union, which is the victim in this case, has agreed that a payment of $98,000.00 would settle the debt Graham Vane owes to the branch.  Because of the failure to prove the $170,000.00 alleged, and the inclusion of interest in that amount, the $98,000.00 as agreed by the Union is the best estimate of the loss amount in this case.

Accordingly, we contend that the $98,000.00 number should be used to calculate the loss in this case.  That number should be used rather than the $178,910.82 number in paragraphs 31, 32 and 42 and the adjustment under Section 2B1.1 in paragraph 42 should be 8 rather than 10 levels.

SENTENCING MEMORANDUM

**Paragraph 44**

We would argue that the adjustment under §3B1.3 should apply because 29 U.S.C. § 529 only applies to "officers of labor organizations." Accordingly, Vane's status is a specific offense characteristic and the §3B1.1 adjustment does not apply. (This argument is contradicted by Application Note 4 (B).)

**Adjusted Offense Level paragraphs 46, 50, 51, 87, 96, and 97**

Accordingly, the defense contends the adjusted offense level should be a 14 and the total offense level should be a 12; leading to guideline range in Zone C of 10-16 months.

Moreover, this is certainly a case is one in which a downward departure is appropriate. As the report from Dr. Nievod indicates, it is difficult to imagine a defendant with a more traumatic stretch of life which led to depression, an attempt at self-medication through drugs and alcohol and ultimately this offense. While Mr. Vane had a somewhat rocky childhood, he recovered and after serving in the military straightened himself out, got a job, earned the respect of his coworkers, and did a great job supporting his family for more than 30 years. Then at an age when most people are beyond criminal activity, he was struck by tragedy and reacted terribly: his wife died during routine surgery; one son was killed in an automobile accident; and the other killed a co-participant in a separate driving incident. This combination of factors overwhelmed Graham Vane. He was unable to cope, and he started taking money from the Union to support his new drug and alcohol habit, and to just make himself feel better. It is difficult to imagine a more severe

SENTENCING MEMORANDUM

confluence of stressors, or that any person could ever go through such a terrible stretch twice.

Accordingly, this is a case which is very much a case of aberrant activity and a departure is justified on that basis alone.  Moreover, the guidelines specifically recognize that "a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense, provided that the defendant's criminal history does not indicate a need for incarceration to protect the public."  U.S.S.G. § 5K2.13.  Here, the offense is clearly related to the psychological stresses which resulted from the repeated tragedies which befell the Vane family.  In this case, there is a clinical diagnosis of depression which led to self-medication.  This is not a case, where the defendant's substance abuse led to the problems.  Here that substance abuse was just another symptom of the problem and the clear clinical depression is both a reason for a downward departure and a mitigating sentencing factor under 18 U.S.C. § 3553.

The public is not at risk from Graham Vane and his mental problems are understandable and documented.  He is a 60-year-old man who needs treatment, rather than incarceration, and he has affirmatively sought out treatment to resolve this cycle of tragedy and despair.  A significant departure to a probationary sentence is the appropriate disposition in this case.

//

SENTENCING MEMORANDUM

### IV. PROBATION IS THE APPROPRIATE SENTENCE UNDER 18 U.S.C § 3553.

In Booker, the Supreme Court held that District Courts must consider the guideline range as advisory, not mandatory, and that they must also consider the other directives set forth in 18 U.S.C.A. § 3553(a). Id. at 764-65.

Section 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the four purposes of sentencing set forth in Section 3553(a)(2):

(a) retribution (to reflect seriousness of the offense, to promote respect for the law, and to provide "just punishment");

(b) deterrence;

(c) incapacitation ("to protect the public from further crimes"); and

(d) rehabilitation ("to provide the defendant with needed educational or
   vocational training, medical care, or other correctional treatment in the
   most effective manner").

The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." The parsimony provision is not just another factor to be considered along with the others set forth in Section 3553(a), it sets an independent limit on the sentence a Court may impose.

In determining the sentence minimally sufficient to comply with the Section 3553(a)(2) purposes of sentencing, the court should consider several factors listed in Section 3553(a). These are (1) "the nature and circumstances of the offense and the

SENTENCING MEMORANDUM

history and characteristics of the defendant;" (2) "the kinds of sentence available;" (3) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable. 18 U.S.C. § 3553(a)(1), (a)(3), (a)(5)-(7).

Neither the statute itself nor Booker suggests that any one of these factors is to be given greater weight than any other factor. However, it is important to remember that all factors are subservient to Section 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four purposes of sentencing.

Here, all of the Section 3553 factors call out for a sentence of probation in this case. These are nonviolent crimes which occurred a little at a time and Graham Vane has already been substantially punished for his offenses. Prior to his arrest in this case, Vane was a respected Union President. This case has led to the loss of that position and the underlying job. Accordingly, Vane has already been substantially punished for his offenses.

The same factors which have punished Vane in this case, will deter both him and others in the future. Everyone involved in the Union has seen the price of carelessness with Union resources.

Given the current state of the mortgage market and the substantial employment disabilities which flow from a felony conviction, it is unrealistic to expect that Vane will be able to make restitution quickly, but he has agreed upon a number with the Union and intends to pay that amount back. Incarceration will only interfere with that process.

SENTENCING MEMORANDUM

Finally, the nature and circumstances of the offenses here indicate that Vane is unlikely to re-offend. These offenses are inexorably tied up with his position, which he has lost, and his depression and drinking, which he is trying to deal with. It would be difficult to imagine a more stressful period of time: the death of a wife, the death of a son, another son involved in a tragic accident and the need to provide a home to a long lost daughter. It would be impossible for this cavalcade of circumstances to arise again.

## V.   CONCLUSION

Graham Vane stands before the Court for sentencing based upon acts he committed over a period of time. His crimes, and they were crimes, were crimes of carelessness, betrayal, stupidity and greed, but they were not crimes of violence and each little event in and of itself would not merit a prosecution. It is only the pattern into which Graham Vane fell that makes this case worthy of prosecution. Graham Vane has learned his lesson and there is no need to take him out of society. Accordingly, we would request a period of probation possibly augmented by a period of house arrest to emphasize the seriousness of his failures and to remind, both himself and society, that cutting corners in financial matters is criminal. No fine should be imposed due to the large amount of restitution which will be required.

Date:  April 10, 2008                    Respectfully submitted:

                                         _/s/Christopher Cannon___
                                         Christopher J. Cannon
                                         Attorney for Graham Vane

SENTENCING MEMORANDUM

**PROOF OF SERVICE BY MAIL**

I, the undersigned, declare:

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action; my business address is 44 Montgomery Street, Suite 2080, San Francisco, California 94104.

On April 10, 2008, I served the within:

**SENTENCING MEMORANDUM**

on the parties in said cause, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as follows:

Jeffrey R. Finnigan
Office of the U.S. Attorney
450 Golden Gate Avenue
11th Floor
San Francisco, CA 94102

I declare under the penalty of perjury that the foregoing is true and correct, and that this declaration was executed on April 10, 2008, at San Francisco, California.

_____
Paula Lejbowicz

SENTENCING MEMORANDUM