JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

JEFFREY R. FINIGAN (CASBN 168285)
Assistant United States Attorney

450 Golden Gate Avenue
San Francisco, California 94102
Telephone: (415) 436-7232
Facsimile: (415) 436-7234
Email: jeffrey.finigan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | Criminal No. CR 07-0324 MMC |
|---|---|---|
| Plaintiff, | ) | |
| | ) | UNITED STATES' REPLY TO |
| | ) | DEFENDANT'S SENTENCING |
| v. | ) | MEMORANDUM & REQUEST FOR |
| | ) | EVIDENTIARY HEARING |
| | ) | |
| GRAHAM PAUL VANE, | ) | Date: April 16, 2008 |
| | ) | Time: 2:30 p.m. |
| Defendant. | ) | Court: Hon. Maxine M. Chesney |
| | ) | |

Pursuant to Local Rule 32-5(c), the government hereby replies to the defendant's Sentencing Memorandum ("defense Memorandum") and renews its request for an evidentiary hearing to resolve the issue of calculating the loss amount.

The defense Memorandum is replete with misrepresentations regarding the law and facts, but the government responds to three main points herein, as many of the others have been addressed in the PSR and/or the government's Sentencing Memorandum.

First, the government's burden in proving the loss amount is by a preponderance of the

U.S. Reply to Defendant's Sentencing Memo
CR 07-0324 MMC

1  evidence, *i.e.* the fact must only be more likely true than not. *See* 18 U.S.C. § 3664(e) and
2  *United States v. Jimenez*, 300 F.3d 1166, 1169 (9th Cir. 2002). The loss amount does not result in
3  a sentence beyond the maximum authorized by the defendant's guilty plea, which is 25 years.
4  The defense Memorandum misrepresents the law regarding the burden of proof.

5        Second, while the government has cited evidence in support of its loss calculation and
6  intends to present the Court with it at an evidentiary hearing, the defense offers nothing but
7  defense counsel's spin and speculation. Defense Memorandum *passim*. Defense counsel's
8  opinion does not constitute evidence and fails to satisfy the requirements for evidentiary support
9  for a motion. *See* Crim. Local Rule 47-2(b), Civ. Local Rules 7-2(d) and 7-5(b), Fed. Rule of
10  Civil Procedure 56(e). Thus, as the record stands, there is no evidence that any of the
11  defendant's weekday meals were business-related.

12        Third, the defense Memorandum's argument in favor of a downward departure based on a
13  "reduced mental capacity" is frivolous. Defense Memorandum 9. The defendant admits stealing
14  from his co-workers to "support his new drug and alcohol habit, and to just make himself feel
15  better." A "significantly reduced mental capacity" is defined within the Guidelines as: "a
16  significantly impaired ability to (A) understand the wrongfulness of the behavior compromising
17  the offense or to exercise the power of reason; or (B) control behavior that the defendant knows
18  is wrongful." USSG §5K2.13, Application Note 1. There is no evidence in the record of the
19  defendant suffered from such an affliction. Quite to the contrary, the evidence establishes that
20  the defendant is simply a thief who stole to live beyond his means. To the extent the defendant
21  experienced any negative impact on his mental capacity, it was due to his admitted abuse of
22  drugs and alcohol, which is a specifically prohibited basis for departure. *See* USSG §§ 5H1.4
23  and 5K2.0(d)(1). Likewise, the defendant's characterization of his behavior as "aberrant
24  activity" is entirely self-serving. Defense Memorandum 9. He stole from his union on a regular
25  basis for at least 5 years – that is not a deviation from normal behavior, but rather the normal

26  ///
27  ///
28  ///

U.S. Reply to Defendant's Sentencing Memo
CR 07-0324 MMC                                         2

1 behavior itself. Indeed, the defendant does not even approach qualifying for a downward
2 departure based on aberrant behavior. *See* USSG § 5K2.20.

6 DATED: April 14, 2008                    Respectfully submitted,

7                                           JOSEPH P. RUSSONIELLO
                                            United States Attorney

9                                           _____/s/_____
                                            JEFFREY R. FINIGAN
10                                          Assistant United States Attorney